HOLMES, Judge.
The plaintiff sued the defendants. The defendants counterclaimed against the plaintiff. The jury returned a verdict for the plaintiff in the amount of $2,000. Additionally, the jury returned the following verdict: “We, the Jury, find for the Defendants on their counterclaim and award the Defendants damages in the amount of none.”
The defendants appeal, contending that the verdicts are inconsistent and that the case is due to be reversed.
*529 In view of the facts as indicated below, we find no error requiring reversal.
After presentation of the evidence, the trial court in its oral charge to the jury stated the following:
“Ladies and gentlemen, when you retire and you consider the evidence and you make up your mind one way or the other, there are. about four different forms of the verdicts which you may consider in this particular case.
“If you are reasonably satisfied from the evidence that the Plaintiff, Mr. Robinson, has proven all of the material allegations as contained in this complaint, and that he was justified in not continuing to perform on his contract, then the form of your verdict would be, ‘We, the Jury, find the Defendants owe the Plaintiff the sum of blank dollars plus interest and costs, and would further find that the Plaintiff has a lien against the property of the Defendants in the amount of blank dollars and condemn the property of the Defendants to sale for the satisfaction thereof.’
“Or you could find, ‘We, the Jury, find for the Defendants and find they owe the Plaintiff no additional funds.’ In other words, that verdict form would be that the [Defendants] didn’t owe the [Plaintiff] any more money.
“Now, on the counterclaim by the [Defendants] against Mr. Robinson, if you are reasonably satisfied from the evidence of that, that they have proven the material allegations and that they had justification in excusing Mr. Robinson from performing his job, then the form of your verdict would be, ‘We, the Jury, find for the Defendants on their counterclaim and award the Defendants damages in the amount of blank dollars.’ ” (Emphasis supplied.)
At the close of its oral charge, both plaintiff and defendants stated that they were satisfied with the trial court’s instructions to the jury.
After deliberation the jury returned the following verdicts:
“ ‘We, the Jury, find for the Defendants on their counterclaim and award the Defendants damages in the amount of none[; and] We, the Jury, find the Defendants owe the Plaintiff the sum of $2,000 plus interest and costs.’ ”
It is clear to this court that the trial court’s oral charge was incomplete, as it failed to apprise the jury in the proper fashion that the jury could find for the plaintiff on the defendants’ counterclaim. It is readily apparent that the charge to the jury was incomplete in that the court gave only three of the four possible forms of the verdict that it stated could be considered by the jury in the case. It is equally clear that, under the verdict forms as presented to the jury by the trial court, the jury returned the only verdict for the plaintiff on the defendants’ counterclaim that was available to it, i.e., it returned a verdict for the defendants in name only by awarding them no damages against the plaintiff.
Under these circumstances, rather than concluding that the verdicts were inconsistent, we conclude that, under these facts here, since the defendants failed to comply with Rule 51, Alabama Rules of Civil Procedure, no reversal is required.
Rule 51, A.R.Civ.P., provides in pertinent part as follows:
“No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection.” (Emphasis supplied.)
As indicated, the defendants did not object to the trial court’s instruction; in fact, the defendants stated that they were satisfied with the instructions.
In view of the above, this case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.